

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XIXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-4960
Re: Duty of commissioners' court to
provide a place for the detention of
persons who have venereal diseases,
and related questions.

Your request for an opinion on the above matter has been received and carefully considered. We quote from said request as follows:

"The increase in the armed forces stationed in Texas has made it necessary to encourage the enforcement of the venereal disease law regarding the repression of prostitution in some areas in which this policy is not wholeheartedly endorsed. I wish to ask your opinion on two points in question:

"1. Under the venereal disease law the Commissioners' Court is empowered and directed to provide suitable places for the detention of persons who should be segregated. The question is, if the Commissioners' Court fails to provide such a place, what can be done about it?

"2. Local health officers are empowered and directed to examine persons reasonably suspected of having a venereal disease. The question is, Is it legal for a Commissioners' Court to pass a ruling to the effect that the county health officer is not responsible for the examination and treatment of such persons picked up and held in the county jail as venereal disease suspects?"

As to the first question asked by you, we direct your attention to the following statutes. Article 4481f of the Revised Civil Statutes of Texas, reads as follows:

"Commissioners' Court to make appropriations. —
It shall be lawful for the State Department of Health
to accept donations and contributions to be expended
in the interest of the public health and the enforcement

of public health laws. The Commissioners' Court
of any county shall have the authority to appro-
priate and expend money from the general revenues
of its county for and in behalf of public health
and sanitation within its county."

Article 4434 reads as follows:

"Co-operation. -- The municipal authorities of
towns and cities, and commissioners' courts of the
counties wherein such towns and cities are situated,
may co-operate with each other in making such improv-
ements connected with said towns, cities and counties
as said authorities and courts may deem necessary to
improve the public health and to promote efficient
sanitary regulations; and, by mutual arrangement,
they may provide for the construction of said improve-
ments and the payment therefor."

Article 4445 is in part as follows:

"Venereal diseases. -- Syphilis, gonorrhea and
chancroid, hereinafter designated venereal diseases,
are hereby declared to be contagious, infectious,
communicable, and dangerous to the public health;
. . .

". . .

" The commissioners' courts of the various counties
and the governing body of all incorporated towns and cit-
ies are hereby empowered and directed to provide suitable
places for the detention of persons who may be subject to
quarantine and who should be segregated for the execution
of the provisions of this law; and such commissioners'
courts and governing bodies of incorporated cities and
towns are hereby authorized to incur, on behalf of their
said counties, cities, or towns, the expenses necessary
to the enforcement of this law. "

Article 4460 reads as follows:

"County quarantine. -- Whenever the commissioners'
court of any county has reason to believe that they are
threatened at any point within or without the county
limits with the introduction or dissemination of a dan-
gerous, contagious or infectious disease that can and
should be guarded against by quarantine they may direct
their county health officer to declare and maintain said

quarantine against any and all such dangerous dis-
eases; to establish, maintain and supply stations
or camps for thoseheld in quarantine; to provide
hospitals, tents or pest houses for those sick of
contagious and infectious disease; to furnish provi-
sions, medicine and all other things absolutely es-
sention for the comfort of the well and the conven-
ience of the sick. The county physician shall keep
an itemized account of all lawful expenses incurred
by local quarantine, and his county shall assume and
pay them as other claims against the county are paid.
Chartered cities and towns are embraced within the
purview of this article, and the mere fact of incor-
poration does not exclude them from the protection
against epidemic diseases given by the commissioners'
court to other parts of their respective counties.
The medical officers of chartered cities and towns
may perform the duties granted or commanded in their
several charters, but must be amenable and obedient
to rules prescribed by the State Board of Health.
This article, however, must not be construed as pro-
hibiting any incorporated town or city from declaring,
maintaining and paying for local quarantine."

Article 2351 is in part as follows:

"Each commissioners' court shall: . . .

"7. Provide and keep in repair court houses, jails and
all necessary public buildings.

". . ."

An answer to said first question asked by you depends to some
extent upon what the Legislature intended by the use of the word "directed"
in Article 4445 above referred to. The general meaning of said term is
that when one is directed to do a certain thing he is ordered to do it and
has the same force as an order given to a soldier, whose only answer is
obedience; or it might be a mandatory word, unless controlled by something
in the context indicating otherwise, and the fact that discretion is given
in the execution of the direction is not sufficient to change the mandatory
sense thereof. However, your attention is called to the fact that some
provisions of said Article 4445 indicate that the commissioners' court
shall determine the necessity of providing a suitable place for the deten-
tion of persons who may be subject to quarantine thereunder, as well as
what would be a suitable place therefor. In addition to these matters,
there would also be the question of providing the funds necessary to
build and equip such a place, and there can be no question but that the
commissioners' court would have the right and that it would be its duty
to determine that phase of the matter. As to all such matters, the

general rule is that an order of the commissioners' court is binding and conclusive, and is not subject to revision, in the absence of a clear showing of gross abuse of discretion, or fraud or collusion. If the commissioners' court refuses to make provision for the detention of persons required to be detained under the law in question, the general remedy would be by writ of mandamus and thereby seek to compel them to make such provision. The general rule as to this remedy is that it will not lie to control or review the action of an officer or board in a matter involving the exercise of discretion. There exists, however, this exception to said rule, that a mandamus will lie to correct a gross abuse of discretion upon the part of boards or officers intrusted with such discretion, when such abuse is so clearly shown as to establish the fact that in performing the action complained of the officers or boards acted wholly through fraud, caprice, or by a purely arbitrary decition, and without reason.

Therefore, if the commissioners' court of a county refuses to go forward and make provisions for complying with said law, action can be brought against it through a writ of mandamus and relief had in the event it can be shown that said court acted arbitrarily, through fraud, or without reason.

As to the second question, it is our opinion that the same should be answered in the negative, and in support thereof we direct your attntion to the following statutes:

Article 4423 reads as follows:

"County health officer. -- The commissioners' court by a majority vote in each organized county shall biennially appoint a proper person for the office of county health officer for his county, who shall hold office for two years. Said county health officer shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health; and, until such copies are so filed, said officer shall not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners' court; provided, that no compensation or salary shall be allowed except for services actually rendered."

Article 4426 reads as follows:

"Health officers appoint (appointed) by board, when.-- If said authorities shall fail, neglect or refuse to fill the office of county or city health officer as in this chapter provided then the State Board of Health shall have the power to appoint such county or city health officer to hold office until the local authorities shall fill said office, first having given ten days notice in writing to

such authority of the desire for such appointment."

Article 4427 reads as follows:

"Duties of county health officer.-- Each county
health officer shall perform such duties as have been
required of county physicians, with relation to caring
for the inmates of county poor farms, hospitals, dis-
charging duties of county quarantine and other such du-
ties as may be lawfully required of he county physician
by the commissioners' court and other officers of the
county, and shall discharge any additional duties which
it may be proper for county authorities under the present
laws to require of county physicians; and, in addition
thereto, he shall discharge such duties as shall be pre-
scribed for him under the rules, regulations and require-
ments of the Texas State Board of Health, or the president
thereof, and is empowered and authorized to establish,
maintain and enforce quarantine within his county. He
shall also be required to aid and assist the State Board
of Health in all matters of local quarantine, inspection,
disease prevention and suppression, vital and mortuary
statistics and general sanitation within his county; and
he shall at all times report to said State board, in such
manner and form as it shall prescribe, the presence of a
contagious, infectious and dangerous epidemic diseases
within his jurisdiction; and he shall make such other and
reports in such manner and form and at such times as said
State board shall direct; touching on such matters as may
be proper for said State board to direct; and he shall aid
said State board at all times in the enforcement of its
proper rules, regulations, requirements and ordinances, and
in the enforcement of all sanitary laws and quarantine reg-
ulations within his jurisdiction."

Article 4428 reads as follows:

"Removal of county health officer. -- In all matters
with which the State Board of Health may be clothed with
authority, said county health officer shall at all times
be under its direction; and any failure or refusal on the
part of said county health officer to obey the authority and
reasonable commands of said State Board of Health shall con-
stitute malfeasance in office, and shall subject said county
health officer to removal from office at the relation of the
State Board of Health; and pending charges for removal, said
county health officer shall be tried in the district court
of the county inwhich such county health officer resides."

Article 4429 reads as follows:

"Charges against the county health officer.-- If any county health officer shall fail or refuse to properly discharge the duties of his office, as prescribed by this chapter, the State Board of Health shall file charges with the commissioners' court for the proper county, specifying wherein such officer has failed in the discharge of his duties; and at the same time the State Board of Health shall file a protest with the county clerk and the county treasurer against the payment of further fees, salary or allowance to said county health officer; and, pending such protest and charges, it shall not be lawful for such county health officer to be paid or to receive any subsequently earned salary, fees or allowance on account of his office, unless such charges are shown to be untrue and are not sustained. After five days notice in writing to said county health officer, the commissioners' court shall hear the charges, at which hearing the county judge shall preside, and the State Board of Health may be represented. Either party, the State Board of Health or the county health officer, may appeal from the decision of said court to the district court of the county; and, pending such appeal, no salary, fees or allowances shall be paid to said county health officer for any subsequently earned salary; and, if the charges shall be sustained, the county health officer shall be adjudged to apy all costs of court, and shall forfeit all salary, fees and allowances, earned subsequently to the date of filing the charges and protests."

Article 4445 reads in part as follows:

". . ."

"Sec. 3. All city, county, or other health officers shall use every available means to ascertain the existence of, and to investigate all cases of syphilis, gonorrhea, and chancroid within their several territorial jurisdictions, and to ascertain the sources of such infections. Local health officers a e hereby empowered and directed to make examinations of persons reasonably suspected of having syphilis, gonorrhea or chancroid, as may be necessary for carrying out the provisions of this law. Owing to the prevalence of such diseases among prostitues and persons associated with them, all such persons are to be considered within the above class.

"Sec. 4. Upon receipt of a report of a case of venereal disease, the local health officer shall institute measures for protection of other persons from infection by such venereally diseased person:

". . ."

"Sec. 9. Any health officer or other physician who shall wilfully fail to perform the duties required of him in this article shall, in addition to the fines imposed by law, forfeit his right and license to practice medicine within this State; and the district courts of the State shall have jurisdiction of suits for the forfeiture of such license in such cases, and the suit may be filed by any citizen of the State in a court

having jurisdiction, under the ordinary rules of venue, and it shall be the duty of the county and district attorneys to represent the petitioners in such suit."

Article 704 of the Penal Code is in part as follows:

"Venereal diseases. -- Whoever violates any provision of this article shall be fined not less than five nor more than fifty dollars:

". . .

"2. No local health officer, employe, inspector, physician, nurse, or superintendent of a clinic or hospital shall fail to perform any duty required of him by the laws of this State relating to venereal diseases and requiring reports in such cases.

". . ."

It is evident from a reading of these statutes that the commissioners' court has no authority to pass a ruling to the effect that the county health officer is not responsible for the examination and treatment of persons who have been picked up and are held in the county jail as venereal disease suspects, as these statutes clearly make it the duty of the county health officer to give attention to such matters, and this without regard to any action the commissioners' court may take in regard thereto.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett

Jas. W. Bassett
Assistant

JWB:mp:egw

APPROVED DEC 1, 1942
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
by B W B
Chairman